# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|                              |   |                                      |
|------------------------------|---|--------------------------------------|
| BONNIE COOPER, et al.,       ) | Case No. 2:17-cv-02153-RFB-NJK |
| Plaintiff(s),                ) | ORDER                          |
| vs.                          ) | (Docket No. 37)                |
| CREDIT ONE BANK, N.A.,       ) |                                |
| Defendant(s).                ) |                                |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 37; *see also* Docket No. 32 (motion to dismiss). Plaintiffs filed a response in opposition. Docket No. 42. Defendant filed a reply. Docket No. 43. The Court finds the motion properly heard without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is **DENIED**. Docket No. 37.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Id.* at 602-03. Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the

merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

Defendant asks the Court to stay discovery pending resolution of its motion to dismiss because, it submits, simultaneously conducting discovery in the arbitration proceedings and in federal court "subjects [Defendant] 'to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate].'." Docket No. 37 at 7 (internal citation omitted). Defendant further submits that a stay of discovery would not prejudice Plaintiffs because Defendant is already obligated to discovery demands in the arbitration proceedings, eliminating any risk of loss or destruction of discovery. Docket No. 43 at 5-6.

In response, Plaintiffs submit that Defendant's motion to dismiss raises factual issues regarding the timing and justifications of Defendant's delayed payments to JAMS for arbitration proceedings and, therefore, the motion to dismiss cannot be decided without additional discovery. Docket No. 42 at 7-8. Plaintiffs further submit that, although Defendant is in favor of arbitration and submits that it is participating in arbitration, it nonetheless agreed to stay arbitration.[1] *Id.* at 4; *see also* Docket No. 42-3 at 2-3. In reply, Defendant submits that if it had in fact defaulted, JAMS would have issued a default, which it has not. Docket No. 43 at 4.

---

[1] On November 27, 2017, Plaintiffs notified JAMS of their request to stay arbitration pending a ruling on Defendant's motion to dismiss. Docket No. 42-2 at 4-5; *see also* Docket No. 42-2 at 2-3, 7-23 (subsequent notifications to JAMS requesting to stay the other arbitrations related to the instant case). The same day, Defendant filed the instant motion. Docket No. 37. On December 11, 2017, eight days before filing the instant reply, Defendant notified JAMS that it did not oppose Plaintiffs' request to stay arbitration. Docket No. 42-3 at 2-3; *see also* Docket No. 43 (Defendant's reply).

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted.[2] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazka v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Traska*, 2011 WL 1233298, at *4).

For the reasons discussed above, the Court **DENIES** Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 37. The Court **ORDERS** the parties to file a joint proposed discovery plan and scheduling order, no later than January 24, 2018.

IT IS SO ORDERED.

DATED: January 10, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*